IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **JARROD BENEFIELD** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 4:12-2926-RBP |
| | ) |
| **CITY OF ALBERTVILLE, ALABAMA,** | ) |
| a municipal corporation | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This cause comes before the court to be heard on the Motion to Dismiss filed by the defendant City of Albertville ("defendant") on October 31, 2012. This court has previously dismissed all claims against all defendants except City of Albertville.[1] The claims against all the individual defendants were dismissed based on qualified immunity and/or lack of alleged plausible claims. The claim(s) against Walker were also dismissed based upon judicial immunity. The official capacity claims against individuals were dismissed because they are the same as being against City of Albertville.

Facts

This case arises out of the "Alternative Resolution Plea Agreement" entered into on October 25, 2010 by and between the City of Albertville, Alabama and the plaintiff. That agreement was also signed by one of the plaintiff's present attorneys, Abbey Herrin. The plaintiff acknowledges that no force was applied to him to cause him to enter into the agreement. His

---

[1] See Doc. 30.

attorney states that he *chose* to enter into the agreement because he just wished to avoid a DUI conviction.

The agreement provides that if the plaintiff meets certain specified conditions the prosecution for DUI will be dismissed. The only condition which the plaintiff objects to is the provision which states that "[b]efore sentencing, the Defendant must pay Restitution in the amount of $500 to the City of Albertville." Plaintiff claims that this provision deprives him "[a]nd those similarly situated of their rights and immunities afforded to them by the Eighth and Fourteenth Amendments and the Alabama Constitution in violation of 42 U.S.C. § 1983 . . . . Specifically, Defendants have imposed restitution as fully set forth herein without the benefit of a restitution hearing as required by Alabama statute."[2]  *After* this action was filed, the plaintiff paid the $500 to the City of Albertville. At least one condition has not been met.[3]

## Discussion

The defendant makes a number of arguments as to why this action should be dismissed. These include:

(1) The action is barred by the law established in *Younger v. Harris*, 401 U.S. 37 (1921) because the plaintiff has not yet exhausted his state remedies and the criminal action is still pending. Citing *31 Foster Children v. Bush*, 329 F. 3d 1255, 1274, the defendant states that there is an ongoing state judicial proceeding because there has been no sentencing hearing; important state interests are implicated; and there is an adequate opportunity in the proceedings to raise

---

[2] Noticeably absent is any reference to the Fifth Amendment.

[3] See paragraph 4C of the agreement.  The case is set for sentencing or other action on February 12, 2013.

constitutional challenges.[4]

(2) Defendant also argues that the alleged state law claims are not actionable under Alabama law.[5]

## Conclusions of Court

This court agrees that this action is barred by the *Younger v. Harris* doctrine. In addition the court notes that the plaintiff *chose* to enter into the agreement. *See and compare Chandler v. Secretary of Florida Dept. Of Transportation,* 695 F.3d 1194 (11th Cir. 2012), a Fourth Amendment case. Further, it is likely that the plaintiff waived any constitutional claim, *Finch v. Vaughn*, 67 F. 3d 909, 914 (11th Cir. 1995). Also, the state interest is significantly implicated by the claims based on the Alabama Constitution and an Alabama statute. Further, if looked upon as a fine pursuant to the Eighth Amendment, as the plaintiff purports to do, this court cannot conclude that $500, or even $2000, is an excessive fine or cruel and unusual punishment for a DUI offense. Further, the plaintiff bases his purported class action on Rule 23 of the Alabama Rules of Civil Procedure.[6]

Since this case is so muddled, the court attaches hereto an Appendix with statements regarding other U.S. Supreme Court holdings which may have application if the parties wish to consider them in the event of an appeal. The plaintiff has argued, "[a]s shown from the clear language of the Plea Agreement, this case is over." (Doc. 24, p. 4). If plaintiff's point is that the

---

[4] Citing *Maharaj v. Secretary for Dept. Of Corrections*, 307 F. 3d 1345 (11th Cir. 2002), defendant also argues that the claim(s) are not ripe.

[5] Defendant cites Ala. Code § 11-47-190.

[6] If the plaintiff has no claim, he cannot represent others.

municipal court finally adjudicated the $500 restitution requirement when the Plea Agreement was signed, the *Rooker-Feldman* doctrine may come into play. Also see the *Burford* and *Pullman* doctrine discussions.

The court will dismiss the claims against the only remaining defendant.[7]

This the 2nd day of January, 2013.

                                    ROBERT B. PROPST
                                    SENIOR UNITED STATES DISTRICT JUDGE

---

[7] While this court does not conclude that it has present federal jurisdiction of this case, it does not endorse the money oriented procedure at issue here. That procedure should likely be examined by state courts or, in the event of an appeal of this case, the Eleventh Circuit if it decides that this court had jurisdiction.

APPENDIX

*Rooker-Feldman*

The Supreme Court is vested with authority, through 28 U.S.C. § 1257, to review state court final judgments if they involve an issue of federal law. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). However, other federal courts do not have this authority. The *Rooker-Feldman* doctrine is "a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." *Alvarez v. Attorney General for Fla.*, 679 F. 3d 1257, 1262 (11th Cir. 2012). This rule was developed through the two Supreme Court cases of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Recent cases have emphasized the narrow scope of the *Rooker-Feldman* doctrine, creating strict requirements for its application. *See Exxon Mobil,* 544 U.S. at 284; *Lance v. Dennis*, 546 U.S. 459, 464 (2006). For *Rooker-Feldman* to preclude federal jurisdiction,

> 1) the federal case must be brought by the loser of the state court action;
> 2) the loser must be complaining about the judgment of the state court;
> 3) the state court judgment must have been rendered before the federal action began; and
> 4) the loser must be requesting the federal court to review and reject the state court judgment. *See Exxon Mobil*, 544 U.S. at 284.

The Eleventh Circuit has interpreted the narrow scope of the doctrine to bar federal jurisdiction:

> where the issue before the federal court was "inextricably intertwined" with the state court judgment so that (1) the success of the federal claim would "effectively nullify" the state court judgment, or that (2) the federal claim would succeed "only to the extent that the state court wrongly decided the issues."

*Alvarez*, 679 F. 3d at 1262-1263 (*quoting Casale v. Tillman,* 558 F. 3d 1258, 1260 (11th Cir. 2009)). In *Alvaraz v. Attorney General for Florida*, the Eleventh Circuit found the plaintiff's claim to be barred by the *Rooker-Feldman* doctrine. 679 F. 3d at 1263. Alvarez was seeking review and the ultimate rejection of a state court judgment, regarding a § 1983 claim challenging Florida's failure to produce evidence for DNA tests. *Id*. The court drew a distinction between Alvarez's challenge to the state court's *application* of Florida's DNA access statutes to his case and that of the challenge set forth in *Skinner v. Switzer*, 131 U.S. 1289 (2011). In Skinner, the plaintiff was protesting Texas' DNA access statute, saying it was unconstitutionally applied. *Id*. at 1298. While Alvarez was seeking review of the state-court decision itself, Skinner was challenging the overall constitutionality of the statute. While "a state-court decision is not reviewable by lower federal courts, . . . a statute or rule governing the decision may be challenged in a federal action." *Id*.

In the case at hand, Benefield is not challenging the constitutionality of a state statute. Plaintiff is alleging the $500 restitution judgment against him violates state law as well as federal law. While Plaintiff alludes to an unconstitutional 'policy,' the complaint is challenging an alleged judgment against him, not a state statute.

<u>*Burford* and *Pullman*</u>

This court also calls attention to the *Burford* and *Pullman* doctrines. Under the *Burford* doctrine, it is appropriate for a federal court to abstain when 1) there are difficult questions of state law presented that bear on policy problems of substantial public import, or 2) federal review of a state question would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern. *See Burford v. Sun Oil Co.*, 319 U.S. 315, 317 (1943).

While the federal court may have jurisdiction over this proceeding, "it may, in its sound discretion, . . . refuse to enforce or protect legal rights . . . with proper regard for the rightful independence of state governments in carrying out their domestic policy." *Id*. at 317-318. Plaintiff alleges that the defendant's policy of charging a set restitution amount violates the Alabama law regarding the determination of restitution. The question of whether this type of restitution implementation is proper under Alabama law both bears on policy of substantial public import as well as state efforts to establish a coherent policy on restitution.

Also see *Railroad Commission of Tex. v. Pullman Co.*, 312 U.S. 496 (1941). The Eleventh Circuit finds there to be two requirements for a *Pullman* abstention: *"*(1) an unsettled question of state law and (2) that the question be dispositive of the case and would avoid, or substantially modify, the constitutional question." *Duke v. James*, 713 F.2d 1506, 1510-1511 (11th Cir. 1983). The court recognizes certain factors identified by case law as instructive for determining whether to abstain under *Pullman*:

> Factors arguing against abstention include delay, cost, doubt as to the adequacy of state procedures for having the state law question resolved, the existence of factual disputes, and the fact that the case has already been in litigation for a long time. Factors which might favor abstention include the availability of "easy and ample means" for determining the state law question, the existence of a pending state court action that may resolve the issue, or the availability of a certification procedure, whereby the federal court can secure an expeditious answer.

*Id*.

This court does not directly base its rulings on any of the cases cited in this APPENDIX.